**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1239
_____

CHRISTIAN AKHATSEGBE,
                                        Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-01871)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 16, 2025

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed September 17, 2025)
_____

OPINION[*]
_____

PER CURIAM

Federal prisoner Christian Akhatsegbe appeals pro se from the January 24, 2025

decision of the United States District Court for the Middle District of Pennsylvania ("the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

MDPA") denying his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm that judgment.

I.

On March 15, 2023, the United States District Court for the Northern District of Georgia sentenced Akhatsegbe to 87 months in prison for fraud-related offenses. In 2024, after exhausting his administrative remedies to no avail, he filed a pro se § 2241 petition in the MDPA,[1] claiming that the Federal Bureau of Prisons ("BOP") had failed to award him First Step Act time credits ("FTCs") for the period from March 15, 2023, to August 13, 2023. The Government opposed the petition, arguing that (1) he had indeed been credited with FTCs for the period from July 13, 2023, to August 13, 2023, and (2) he was not entitled to any FTCs for the earlier period. The MDPA agreed with the Government and denied Akhatsegbe's petition. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[2] We exercise plenary review over the MDPA's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

---

[1] The petition was properly filed in the MDPA because, at that time, Akhatsegbe was incarcerated at a prison located within the Middle District of Pennsylvania. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

[2] Akhatsegbe does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

Under the First Step Act, certain federal prisoners can earn 10 or 15 days of FTCs for every 30 days of "successful participation" in evidence-based recidivism reduction programs ("EBRRs") or productive activities ("PAs"). <u>See</u> 18 U.S.C. § 3632(d)(4)(A). Earned FTCs are "applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). In this case, the MDPA did not err in rejecting Akhatsegbe's FTC claim. The Government demonstrated that he had already been credited with FTCs for the period from July 13, 2023, to August 13, 2023, and he failed to show that he successfully participated in any EBRRs or PAs before July 13, 2023.[3] Accordingly, we will affirm the MDPA's judgment.

---

[3] Given this failure, the MDPA explained that it did not need to decide whether the BOP's regulations concerning FTCs conflict with the First Step Act. We need not resolve that question either.